E-FILED
Wednesday, 04 April, 2018 02:16:33 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMERE T. LASTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 18-CV-1068 |
| | ) | |
| PEORIA COUNTY JAIL, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW OPINION**

Plaintiff filed this case pro se from the Peoria County Jail. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.[1] This statute requires the Court to review a complaint filed by a prisoner to identify the cognizable claims and to dismiss part or all of the complaint if no claim is stated.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However,

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis (without prepaying the filing fee in full) unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that on January 30, 2018, Plaintiff discovered maggots in his fruit while eating dinner. Plaintiff ate one of the maggots, not realizing he was eating a maggot. Plaintiff is now afraid to eat fruit.

An ongoing problem of foreign objects in prison food can state a federal constitutional claim for deliberate indifference to a substantial risk of serious harm. For example, in Green v. Beth, a detainee alleged that jail officials knew of repeated problems with foreign objects in the food causing injury to detainees, and the plaintiff-detainee's teeth had been broken by biting into a rock imbedded in the food. The Seventh Circuit held those allegations sufficient to state a claim. Green v. Beth, 663 F'Appx. 471 (7th Cir. 2016)(not reported in Fed. Rptr.); *see also* French v. Owens, 777 F.2d 1250, 1255 (7th Cir. 1985)(inmates are constitutionally entitled to "'nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the

health and well-being of the inmates who consume it.'")(*quoting with approval* Ramos v. Lamm, 639 F.2d 559, 570-71 (10th Cir. 1980).

However, an isolated incident of being served contaminated food does not rise to a constitutional violation. *See* Perez v. Sullivan, 100 F'Appx. 564 (7th Cir. 2004)(not reported in Fed. Rptr.)(affirming dismissal for failure to state a claim allegations that detainee became sick from isolated incident of being served spoiled milk); Teen v. St. Clair County Jail, 2017 WL 3670164 (S.D. Ill. 2017)(not reported in Fed. Rptr.)(single episode of food contamination without prior occurrences of contamination stated no constitutional claim). The individuals preparing the food might have been negligent, but negligence does not violate the U.S. Constitution. McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010)("[N]egligence, even gross negligence, does not violate the Constitution.") Additionally, the individuals who run the Jail, like the Sheriff, are not liable for the constitutional violations of their employees simply because those individuals are in charge. Kuhn v. Goodlow, 678 F.3d 552. 556 (7th Cir. 2012)( "'An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.'")(quoted cite omitted); Chavez

v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability under § 1983).

Plaintiff's present allegations do not allow a plausible inference of a systemic problem with contaminated food at the Jail. The only plausible inference that arises from the current allegations is that the maggots in Plaintiff's food was an isolated occurrence. According to Plaintiff's criminal case, 17-CF-00858 (Peoria County), Plaintiff has been detained in the Jail since October 23, 2017. Plaintiff filed this case on February 15, 2018, alleging only one instance of contaminated food over nearly four months. However, Plaintiff will be given an opportunity to file an amended complaint.

**IT IS ORDERED:**

1) Plaintiff's complaint is dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915A.

2) Plaintiff may file an amended complaint by April 30, 2018. If Plaintiff does not file an amended complaint or Plaintiff's amended complaint still fails to state a claim, then this action will be dismissed for failure to state a claim and a strike will be assessed against Plaintiff pursuant to 28 U.S.C. 1915(g). If Plaintiff

files an amended complaint, the amended complaint will replace the original complaint. Piecemeal amendments are not permitted.

ENTERED: 04/04/2018

FOR THE COURT:

                                      **s/Sue E. Myerscough**
                                      SUE E. MYERSCOUGH
                         UNITED STATES DISTRICT JUDGE